724 P.2d 593
**STATE of Arizona, Appellee,**

v.

**Bernard Jay DEVINE, Appellant.**

**No. 1 CA–CR 9289.**

Court of Appeals of Arizona,
Division 1, Department C.

May 22, 1986.

Review Denied Sept. 9, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

## OPINION

CONTRERAS, Judge.

This is an appeal from the consecutive sentences imposed upon appellant following his plea of guilty to two counts of aggravated assault, class 3, dangerous felonies (Counts I and III), and one count of attempted first degree murder, a class 2 nondangerous felony (Count II). We determine that the trial judge did not err in ordering the sentences to run consecutively pursuant to A.R.S. § 13–708 since each felonious act, although occurring on the same occasion, was committed independent of the others and was completed prior to the beginning of the next act.

The facts, briefly, are that during June and July of 1983, appellant resided with his girl friend at the home of Dawn and Walter Beall and the Beall's infant daughter Nicole. On June 23, 1983, appellant returned to the Beall home in an intoxicated condition. Entering the home, he encountered Dawn Beall, holding the infant. Appellant approached them and stabbed the infant with a knife. He removed the knife from the baby and proceeded to stab Mrs. Beall in the chest. Appellant then pulled the knife from Mrs. Beall's chest, ran into the bedroom and repeatedly stabbed Walter Beall who was in bed asleep. Finally, appellant, still holding the knife, chased Mr. Beall's mother, who had observed the attacks, out of the Beall home. She escaped unharmed.

On August 2, 1983, appellant was charged by indictment with one count each of attempted first degree murder and child abuse, and two counts of aggravated assault. Subsequent allegations of dangerousness as to all four counts, and that the offenses were committed while appellant was on probation were filed. On November 10, 1983, appellant, by plea agreement, pled guilty to four counts of aggravated assault, class 3, dangerous felonies. In exchange, the state agreed to dismiss the allegation that the offenses were committed while appellant was on probation. The trial court accepted the plea agreement and sentenced appellant to a presumptive term of seven and one-half years of imprisonment on each count, the sentences to run consecutively. On January 31, 1985, however, this court, on appeal, vacated the convictions and sentences imposed since appellant entered into the original plea agreement under the misapprehension that he was subject to the sentence enhancement provisions of A.R.S. § 13–604.01.

On remand, appellant, his counsel, and the prosecutor entered into a second plea agreement in which he agreed to plead guilty to two counts of aggravated assault, class 3, dangerous felonies (Counts I and III), and one count of attempted first degree murder, a class 2, nondangerous felony (Count II). Count IV of the original indictment and the allegation of dangerousness on Count II were to be dismissed. The agreement further provided that appellant would be required to serve at least two-thirds of the sentences imposed on Counts I and III before becoming eligible for release. Additionally, the parties stipulated that the maximum sentence that could be imposed on Counts I and III, whether imposed concurrently or consecutively, was fifteen years. The parties also agreed that appellant would be sentenced to no more than the presumptive term of seven years on Count II. Finally, the agreement provided that there was no agreement concerning whether Count II would be served concurrently or consecutively to Counts I and III.

On June 19, 1984, the trial court accepted the guilty plea and, on July 15, 1984, sentenced appellant to a mitigated term of six years imprisonment on Counts I and III, and a presumptive term of seven years imprisonment on Count II. Additionally, the trial judge ordered that appellant serve his sentence on Count III consecutively to his sentence on Count I, and that he serve his sentence on Count II consecutively to the sentence on Count III. The trial court expressly set forth on the record that it had ordered consecutive sentences because

"the Defendant is unpredictably violent ... and ... a danger to society." [1]

On appeal, appellant's counsel argues that the trial court erred in sentencing appellant to consecutive sentences since his actions constitute a "spree" offense for which consecutive sentences are improper under A.R.S. § 13–604(H). *See State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980), and *State v. Perkins*, 144 Ariz. 591, 699 P.2d 364 (1985).[2] In his supplemental brief, appellant argues that "[t]he act of the appellant herein for which he was convicted of aggravated assault and attempted murder was clearly and without dispute one act, * * * pursuant to the same scheme of action, such that imposing consecutive sentences violated both A.R.S. §§ 13–116 and 13–604(H)."

The state argues that the imposition of consecutive sentences was proper even though the crimes were committed on the same occasion. *State v. Griffin*, 148 Ariz. 82, 713 P.2d 283 (1986), citing *State v. Sanchez*, 130 Ariz. 295, 635 P.2d 1217 (App. 1981). Additionally, it argues that appellant's actions satisfy the "identical elements" test of *State v. Tinghitella*, 108 Ariz. 1, 491 P.2d 834 (1971), so as to permit the imposition of consecutive sentences. Finally, the state argues that appellant's reliance upon *State v. Perkins*, 144 Ariz. 591, 699 P.2d 364 (1985), is misplaced since *Griffin* impliedly overruled *Perkins*, at least to the extent that the latter prohibited consecutive sentences for offenses committed on the "same occasion." *See also State v. Sanchez*, 130 Ariz. at 301, 635 P.2d at 1223.

While we recognize the apparent confusion accompanying the *Perkins* decision, we conclude that *Griffin* more precisely defines the applicable law in this case. Contrary to appellant's contention, A.R.S. § 13–604(H) does not prohibit consecutive sentences in this case since "[i]t pertains only to the use of [multiple *prior* ] convictions obtained at the same time as prior convictions for purposes of sentence enhancement [in a subsequent prosecution]." [3] *Id.; State v. Griffin*, 148 Ariz. at 86, 713 P.2d at 287. *Cf. State v. Mulalley*, 127 Ariz. 92, 618 P.2d 586 (1980). A.R.S. § 13–604(H) does not apply to the imposition of consecutive sentences in the first instance.

In the case before us, there was no attempt to enhance the instant offenses with multiple prior convictions which, under the statute, must be viewed as "one conviction" if such "offenses [were] committed on the same occasion." *See* A.R.S. § 13–604(H). Rather, the trial court imposed consecutive sentences in the first instance for multiple crimes committed on the same occasion since "it appears that the Defendant is unpredictably violent ... and ... a danger to society." Under these circumstances, there is no violation of A.R.S. § 13–604(H). Nor do we find a violation of the double punishment provisions of A.R.S. § 13–116 which bars consecutive sentences for a single act which is made punishable in different ways. The statutory restriction precludes consecutive sentences if, after eliminating the elements of one charge, the remaining evidence will not support the elements of the additional charge. *State v.*

1. On October 30, 1985, appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he stated that no arguable question of law existed. On December 4, 1985, however, appellant filed a supplemental brief *in propria persona* raising two issues of law. On January 10, 1986, appellant's counsel filed an amended opening brief raising identical issues.

2. While appellant's counsel argued error only as to the consecutive sentences imposed on Counts I and III, appellant filed a supplemental brief arguing error as to the consecutive nature of all

three counts. Thus, we consider the argument to be sufficiently alleged as to all three sentences.

3. A.R.S. § 13–604(H) provides:
Convictions for two or more offenses not committed on the same occasion but consolidated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section.

**510**

*Griffin,* 148 Ariz. at 85, 713 P.2d at 286. *See also State v. Tinghitella,* 108 Ariz. at 3, 491 P.2d at 836.

In this case, appellant was convicted and sentenced for two separate counts of aggravated assault (the separate stabbings of Nicole Beall and Walter Beall) and one count of attempted murder (the stabbing of Dawn Beall). As in *Griffin,* each felonious act was committed independent of the other and was completed prior to the beginning of the next act. *State v. Griffin,* 148 Ariz. at 86, 713 P.2d at 287. Since separate assaults were committed upon each individual victim, an independent charge as to each assault may be alleged and sustained even under the "identical elements" test. *Cf. State v. Henley,* 141 Ariz. 465, 687 P.2d 1220 (1984). The fact that the commission of the punishable acts occur within a very short time span is not material to the application of the test. *State v. Griffin,* 148 Ariz. at 86, 713 P.2d at 287. Finally, where the imposition of consecutive sentences is permissible, A.R.S. § 13–708 requires only that the trial court set forth on the record its reason for doing so. *Id. See State v. Hallman,* 137 Ariz. 31, 668 P.2d 874 (1983). In this case, as stated, the record reflects that the trial judge imposed consecutive sentences since "it appears that the Defendant is unpredictably violent. The real targets of the hostility are not among the victims and, therefore, it does appear that Mr. Devine is a danger to society." Thus, the trial judge complied with A.R.S. § 13–708 and did not err in imposing consecutive sentences.

Accordingly, the convictions and sentences are affirmed.

GRANT, J., and ULRICH, J. Pro Tem., concur.

NOTE: The Honorable Paul G. Ulrich, Judge Pro Tempore has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 3 and A.R.S. §§ 12–145 and 12–147.