910 P.2d 18

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. JV133051.**

**No. 1 CA–JV 95–0060.**

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 24, 1995.

Redesignated as Opinion and
Publication Ordered Jan. 31, 1996.

---

**474**

Richard M. Romley, Maricopa County Attorney by Juli S. Warzynski, Deputy County Attorney, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by David Katz, Deputy Public Defender, Ellen Edge Katz, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

GARBARINO, Judge.

The juvenile appeals his adjudication of delinquency on one count of disorderly conduct. Because the evidence does not support the adjudication, we reverse.

A delinquency petition was filed alleging one count of assault and one count of disorderly conduct, and the matter was set for adjudicatory hearing. The only witness to testify at the hearing was the juvenile's wife, Regina. According to Regina, she and the juvenile began arguing because the juvenile believed she was dating another man. Regina yelled at the juvenile, and he yelled back at her. There was also pushing, shoving, and hitting. At some point, Regina threw her "baby's shoes and deodorants and stuff" at the juvenile, and the juvenile threw a shoe that hit Regina's face. He also picked up a skateboard and swung it at Regina, hitting her in the arm and leg. Regina then called police.

Upon close of the State's evidence, defense counsel moved for a judgment of acquittal on both counts of the petition. The motion was granted with respect to the assault allegation. However, at the conclusion of the hearing, the court found beyond a reasonable doubt that the State proved the allegation of disorderly conduct, and the juvenile was adjudicated delinquent. At the dispositional hearing, the court ordered that the juvenile be made a ward of the court and placed on probation under the protective custody of a probation officer and in the physical custody of his parents. The juvenile filed a timely notice of appeal.

The delinquency petition alleged that the juvenile "intentionally or knowingly disturbed the peace or quiet of a neighborhood, family, or person, to-wit: Regina ... by engaging in fighting, violent or seriously disruptive behavior." *See* Ariz.Rev.Stat.Ann. § 13–2904(A)(1). However, the State acknowledged at oral argument before this Court that it was proceeding on a theory that the juvenile disturbed the peace or quiet of Regina.

The juvenile cites caselaw from Missouri for the proposition that a person cannot breach the peace of another person unless the other person is in a state of peace. *See City of St. Louis v. Sage*, 254 S.W.2d 252 (Mo.Ct.App.1953); *State v. Rogers*, 8 S.W.2d 1073 (Mo.Ct.App.1928). Relying on this au-

thority, the juvenile contends that the adjudication is contrary to the evidence because the State failed to show that Regina was in a state of peace when he allegedly committed the offense.

■ In *Sage*, the defendant was charged with two counts of disturbing the peace; one count alleged that he disturbed the peace of Mrs. Hutchings, and the other count alleged that he disturbed the peace of Mr. Hutchings. 254 S.W.2d at 252. The evidence disclosed that the defendant and others had assembled in the back yard of a house to view a film; however, the film did not meet with the approval of the neighbors, among whom were the Hutchings. *Id.* at 252–53. After the film was shown, the Hutchings and a group of irritated citizens gathered on the sidewalk in front of the house, and the Hutchings angrily shouted insults at the defendant, who was on the front porch. *Id.* at 253. The defendant returned an insult, and the Hutchings "started after him." *Id.* At the close of the prosecution's case, the trial court denied the defendant's motion to dismiss the charges. *Id.* He ultimately was found guilty on both counts. *Id.*

Noting that the irritated citizens were "talking back and forth" and that the Hutchings were angry and shouted insults at the defendant, the Missouri Court of Appeals concluded that neither Mr. Hutchings nor Mrs. Hutchings were "within the peace." *Id.* at 254. In reversing the defendant's convictions, the court stated:

> The peace of an individual cannot be disturbed, unless the individual is within the peace. To charge that the peace of an individual is willfully disturbed is equivalent to charging that the individual is with-

in the peace. A person not in the peace could be further provoked, but unless he is in 'repose of mind and peaceful intent' his peace cannot be disturbed.

*Id.* (quoting *Rogers*, 8 S.W.2d at 1074) (citations omitted).

■ We find the reasoning of *Sage* applicable to the instant matter. Here, the evidence established that Regina and the juvenile were arguing and that Regina yelled at the juvenile. Only then did the juvenile yell at her. Regina also indicated that there was pushing, shoving, and hitting; however, her testimony does not reveal which person initiated those acts or if the juvenile even engaged in the acts. The evidence does show that the juvenile threw a shoe at Regina and hit her with a skateboard, but there is no indication as to Regina's state of mind at the time of those occurrences. Although the juvenile may have escalated the confrontation, there simply is no evidence that Regina was "in repose of mind and peaceful intent" when the juvenile yelled back at her and engaged in otherwise disruptive behavior. Moreover, the evidence does not support the allegation contained in the delinquency petition that the juvenile disturbed the peace or quiet of a neighborhood or family. Accordingly, we reverse.

LANKFORD and SULT, JJ., concur.