10 P.3d 1213

STATE of Arizona, Appellee,

v.

Alex Martinez MIRANDA, Appellant.

No. 1 CA–CR99–0550.

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 28, 2000.

Review Granted Feb. 13, 2001.

Janet Napolitano, Attorney General By Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Consuelo M. Ohanesian, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender By Louise Stark, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

TIMMER, Judge.

¶ 1 Alex Martinez Miranda appeals his convictions and sentences on three counts of

disorderly conduct in violation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–2904(A)(6)(1998). For the reasons that follow, we affirm Miranda's convictions and affirm his sentences, as modified.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In July 1998, Miranda stole a handgun from a parked vehicle, intending to sell it. He then went behind a building and inspected his find just as Pamela H. and her four-year-old son were walking nearby. Miranda admits he fired the gun once into the ground in the presence of Pamela and her son to determine if the gun was loaded. According to Pamela, he then fired the weapon two more times, once toward Pamela and once toward her son when they were approximately thirty feet from Miranda.

¶ 3 The state charged Miranda with two counts of aggravated assault against Pamela and her son pursuant to A.R.S. section 13–1204(A)(2) (Supp.1998). Miranda was also charged with disorderly conduct pursuant to A.R.S. section 13–2904(A)(6) (Supp.1999) for intentionally or knowingly disturbing the peace and quiet of a neighborhood, family, or person by recklessly handling, displaying, or discharging a gun.

¶ 4 At trial, Miranda asked the court to instruct the jury that disorderly conduct under A.R.S. section 13–2904(A)(6) is a lesser-included offense of the two aggravated assaults charged against him. Over the state's objection, the trial court gave the instruction, and the jury subsequently convicted Miranda of two counts of felony disorderly conduct rather than the aggravated assaults charged against him. The jury also convicted him of the disorderly conduct offense originally charged by the state. Miranda thereafter was sentenced to consecutive, aggravated prison terms of three years for each of the convictions.

¶ 5 We address three issues[1] in this opinion:

1. Did the trial court err by instructing the jury that disorderly conduct under

A.R.S. section 13–2904(A)(6) is a lesser-included offense of the aggravated assaults charged against him?

2. Did the trial court err by imposing consecutive sentences for the convictions?

3. Because only two victims were disturbed, did Miranda's convictions for three counts of disturbing the peace violate his right to be free from double jeopardy?

## DISCUSSION

### I. THE LESSER–INCLUDED OFFENSE INSTRUCTION

¶ 6 Miranda initially argues the trial court erred by instructing the jury that disorderly conduct under A.R.S. section 13–2904(A)(6) is a lesser-included offense of the aggravated assaults charged against him under counts 1 and 2 of the indictment pursuant to A.R.S. section 13–1204(A)(2). Because Miranda requested the instruction, we review for fundamental error. *State v. Dickens,* 187 Ariz. 1, 22–23, 926 P.2d 468, 489–90 (1996).

¶ 7 Miranda bases his argument entirely upon this court's decision in *State v. Cutright,* 196 Ariz. 567, 2 P.3d 657 (App.1999) (review denied May 18, 2000), which held that disorderly conduct is not a lesser-included offense of aggravated assault under the above-cited statutory provisions. In light of *Cutright,* and because the indictment did not describe the crime of disorderly conduct in counts 1 and 2, Miranda contends his convictions for these offenses violated his due process and jury trial rights guaranteed by the federal and state constitutions. *See State v. Rybolt,* 133 Ariz. 276, 280, 650 P.2d 1258, 1262 (App.1982), *overruled on other grounds by State v. Diaz,* 142 Ariz. 119, 120, 688 P.2d 1011, 1012 (1984).

¶ 8 The state counters only that Miranda invited any error by requesting the lesser-included offense instruction and has therefore waived his claim. *See State v. Diaz,* 168 Ariz. 363, 365, 813 P.2d 728, 730 (1991) (When a defendant requests an in-

---

1. By separate unpublished decision filed this date, we address the remaining issues raised by Miranda. Those issues are not relevant to our

analysis in this opinion. *State v. Palenkas,* 188 Ariz. 201, 203, n. 1, 933 P.2d 1269, 1271 (App. 1996).

struction and later claims fundamental error, any error is "invited error at its worst, and it is waived for appeal purposes."). We reject the state's position, however, because the doctrine of invited error is inapplicable when the error is based on a change in the law occurring after a defendant's trial. *Id.* *Cutright* was decided after Miranda's trial and seemingly changed the law established by the supreme court in *State v. Angle,* 149 Ariz. 478, 720 P.2d 79 (1986) (adopting the dissent of Judge Kleinschmidt in 149 Ariz. 499, 507, 720 P.2d 100, 108 (App.1985)), upon which Miranda relied in requesting the contested instruction. Therefore, Miranda did not waive any error by requesting the instruction, and we now turn to the merit of his argument.

■ ¶ 9 A lesser-included-offense instruction is proper only if (1) the lesser offense is composed of some, but not all, of the elements of the greater crime so that it is impossible to commit the greater without committing the lesser offense, and (2) the evidence supports an instruction on the lesser offense. *See Angle,* 149 Ariz. at 507, 720 P.2d at 108 (Kleinschmidt, J., dissenting). Miranda does not contest that the evidence adduced at trial supported the disorderly conduct instruction. Accordingly, we address only whether it is impossible to commit aggravated assault under A.R.S. section 13–1204(A)(2) without also committing the lesser offense of disorderly conduct under section 13–2904(A)(6).

¶ 10 A person commits aggravated assault under A.R.S. section 13–1204(A)(2) if he (1) intentionally places a person in reasonable apprehension of imminent bodily injury by (2) using a deadly weapon or dangerous instrument. *Id.* at 508, 720 P.2d at 109 (Kleinschmidt, J., dissenting). A person commits disorderly conduct under section 13–2904(A)(6) if he (1) intentionally or knowingly disturbs a person's peace or quiet by (2) recklessly handling, displaying, or discharging a deadly weapon or dangerous

instrument. *Id.* Our supreme court concluded in *Angle* that a person who commits aggravated assault under section 13–1204(A)(2) necessarily commits disorderly conduct under section 13–2904(A)(6), reasoning "that as a matter of common sense it is impossible to put a person in reasonable apprehension of imminent bodily injury without also disturbing that person's peace or quiet." *Angle,* 149 Ariz. at 508, 720 P.2d at 109 (Kleinschmidt, J., dissenting). Accordingly, the court held that disorderly conduct under section 13–2904(A)(6) is a lesser-included offense of aggravated assault under section 13–1204(A)(2). *Id.; see also State v. Foster,* 191 Ariz. 355, 357, ¶ 9, 955 P.2d 993, 995 (App.1998) (Following *Angle,* disorderly conduct under section 13–2904(A)(6) is a lesser-included offense of assault under section 13–1203(A)(2).).

¶ 11 The *Cutright* court addressed the same issue decided by *Angle,* but held that disorderly conduct under section 13–2904(A)(6) is *not* a lesser-included offense of aggravated assault under section 13–1204(A)(2). *Cutright,* 196 Ariz. at 569, ¶¶ 1, 2 P.3d at 659. The court reasoned that *Angle* had been "undercut" because this court's decision in *Maricopa County Juvenile Action No. JV133051,* 184 Ariz. 473, 910 P.2d 18 (App.1995), added an element to the offense of disorderly conduct not present in the offense of aggravated assault. *Id.* at 571, ¶ 19, 2 P.3d at 661. Specifically, *JV133051* held that a conviction for disorderly conduct requires a showing that the victim was "within the peace" when the disorderly act occurred. *Id.* (citing *JV133051,* 184 Ariz. at 475, 910 P.2d at 20). Unless the victim is " 'in repose of mind and peaceful intent' " before commencement of the disorderly act, the victim's "peace" cannot be "disturbed." [2] *Id.* (quoting *JV133051,* 184 Ariz. at 475, 910 P.2d at 20).

¶ 12 According to *Cutright,* because disorderly conduct now includes a requirement that the victim be in repose before the con-

---

2. This court has also held that "[a] 'disturbance of the peace' ... may be created by any act which molests inhabitants in the enjoyment of peace and quiet *or excites disquietude or fear." State ex rel. Williams v. Superior Court,* 20 Ariz. App. 282, 283, 512 P.2d 45, 46 (App.1973) (em-

phasis added). Thus, under this definition, and contrary to the holding in *JV133051,* a victim's "peace" can be disturbed during a period of emotional upset if a defendant's action "excites disquietude or fear." *Id.*

duct occurs, a factor not considered in *Angle*, and the state need not show that the victim was in repose in order to prove aggravated assault, the elements of disorderly conduct are no longer entirely encompassed within the offense of aggravated assault. *Cutright*, 196 Ariz. at 571, ¶ 20, 2 P.3d at 661. Not surprisingly, Miranda asks us to follow *Cutright's* lead and hold that the trial court erred by instructing the jury on disorderly conduct under section 13–2904(A)(6) as it is not a lesser-included offense of aggravated assault under section 13–1204(A)(2). We decline to do so.

¶ 13 This court is bound by the decisions of the supreme court and has " 'no authority to overrule, modify, or disregard them....' " *State v. Thompson*, 194 Ariz. 295, 298, ¶ 20, 981 P.2d 595, 598 (App.1999) (citation omitted). The *Cutright* court did not believe itself bound by *Angle* in light of the holding in *JV133051*. *Cutright*, 196 Ariz. at 571, ¶ 19, 2 P.3d at 661. We respectfully disagree with both *Cutright* and *JV133051*. Because the elements for disorderly conduct and aggravated assault have not been changed by the legislature or interpreted differently by the supreme court since the issuance of *Angle*, we accept the on-going viability of that opinion. Accordingly, *Angle* controls this issue unless and until the supreme court decides otherwise.[3] *Id.* We therefore hold that disorderly conduct under section 13–2904(A)(6) is a lesser-included offense of aggravated assault under section 13–1204(A)(2), and the trial court did not err by so instructing the jury.

## II. IMPOSITION OF CONSECUTIVE SENTENCES ON MIRANDA.

¶ 14 Miranda next argues that the trial court mistakenly imposed consecutive sentences for his convictions in violation of A.R.S. section 13–116 (1989). Because Miranda did not object to his sentences at trial, we review for fundamental error. *State v. Bouchier*, 159 Ariz. 346, 347, 767 P.2d 233, 234 (App.1989) (imposition of illegal sentence constitutes fundamental error).

¶ 15 Section 13–116 provides, in significant part:

> An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent.

Miranda contends that the jury necessarily convicted him of three offenses for the single act of firing the first bullet into the ground, despite the fact that evidence of three shots was introduced at trial. According to Miranda, because he testified that he had only fired one shot, and Pamela testified that he had fired three shots, two of which necessarily constituted aggravated assaults, the jury was left with an all-or-nothing decision: believe Miranda and convict him of three counts of disorderly conduct (one shot disturbing three victims) or believe Pamela and convict him of at least two counts of aggravated assault (three shots). Because Miranda was convicted of three counts of disorderly conduct, he argues that the jury convicted him of three offenses for a single act, and the trial court was therefore obligated to impose concurrent sentences.

¶ 16 We reject Miranda's argument because the evidence supported convictions for disorderly conduct on counts 1 and 2. Pamela testified that Miranda aimed his first shot directly into the ground, causing her to walk faster. He then fired two shots in quick succession "toward" her and her son. The son reacted by "climbing up" his mother's shirt, although he was "quiet" and did not

---

**3.** The supreme court has implied that *Angle* may receive future scrutiny. *See State v. Lara*, 183 Ariz. 233, 235, 902 P.2d 1337, 1339 (1995) ("assuming, without deciding, the continuing validity of [*Angle* ],...."). Until that day arrives, however, we must follow *Angle*. *See City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 378, 868 P.2d 958, 961 (App.1993)("Whether prior decisions of the Arizona Supreme Court are to be disaffirmed is a question for that court."); *see also In re Marriage of Thorlin*, 155 Ariz. 357, 362, 746 P.2d 929, 934 (App.1987)("[t]his court may not disregard a clear holding of our supreme court on the purported ground that the analysis supporting it is incorrect or incomplete."). We cannot assume that the supreme court approved of *Cutright* merely because it declined to review that decision. *See Calvert v. Farmers Ins. Co. of Ariz.*, 144 Ariz. 291, 297 n. 5, 697 P.2d 684, 690 n. 5 (1985) (denial of review does not imply acceptance of legal analysis or conclusion).

cry. Pamela responded by running with her son to a nearby office building from where she called the police. Pamela testified that she was scared and thought she was going to be hurt or die.

■ ¶ 17 We are compelled by *Angle* to conclude that this evidence supported convictions for disorderly conduct based on the two additional shots fired by Miranda. The defendant in *Angle* aimed a gun at his wife in anger after she had hit him with a boot. 149 Ariz. at 501, 720 P.2d at 102. The wife grabbed the gun and a struggle ensued, during which Angle told his wife that anyone who hurts him "is asking for it." *Id.* At some point, the wife fell backwards and hit her head on a table. *Id.* Based on this evidence, the wife in *Angle* had as much reason as Pamela, and arguably more, to be in "reasonable apprehension of imminent bodily injury," as required to support a conviction for aggravated assault. *See* A.R.S. § 13–1204(A)(2). But the *Angle* court also concluded that this evidence supported an instruction for disorderly conduct as a lesser-included offense of aggravated assault. *Id.* at 508–09, 720 P.2d at 109–10 (Kleinschmidt, J., dissenting). We reach the same conclusion and decide the evidence was sufficient to allow the jury to find that the two shots fired towards Pamela and her son disturbed their peace. Thus, the jury could have believed that three shots were fired. Because each shot fired constituted a separate act by Miranda, the trial court did not err by imposing consecutive sentences for the convictions. *See State v. Devine,* 150 Ariz. 507, 510, 724 P.2d 593, 596 (App.1986) (trial court properly imposed consecutive sentences for stabbings committed against three victims because each act, although occurring on same occasion, was committed independently of others and was completed prior to beginning of next act.).

### III. DOUBLE JEOPARDY

¶ 18 In a related argument, Miranda contends that the trial court committed fundamental error by allowing his convictions to stand in violation of the double jeopardy clauses of the state and federal constitutions. Because he did not raise this claim to the trial court, we review for fundamental error. *See State v. Millanes,* 180 Ariz. 418, 421, 885 P.2d 106, 109 (App.1994) ("The prohibition against double jeopardy is a fundamental right that is not waived by the failure to raise it in the trial court.").

¶ 19 According to Miranda, because the jury necessarily found that he fired only one shot, he could not be convicted of three counts of disorderly conduct because only two victims were named in the charge. He asserts that once he was convicted for disturbing the peace of a neighborhood, family or unidentified persons by firing a single shot (count 3), he could not be convicted for disturbing the peace of Pamela and her son (counts 1 and 2) for firing the same shot without violating double jeopardy principles.

■ ¶ 20 We need not decide whether Miranda could be rightfully convicted of three offenses for firing a single shot because his argument is based upon a faulty premise. As explained previously, the evidence at trial supported a finding that Miranda had fired three shots. Therefore, the jury could validly convict Miranda for disturbing the peace of Pamela and her son by firing two shots toward them, and for disturbing the peace of the neighborhood by firing a separate shot into the ground. These convictions do not violate principles of double jeopardy as they are based upon separate events. *Devine,* 150 Ariz. at 510, 724 P.2d at 596; *Millanes,* 180 Ariz. at 420, 885 P.2d at 108. We therefore hold that Miranda's convictions do not violate principles of double jeopardy.

### CONCLUSION

¶ 21 We affirm Miranda's conviction on count 1, but modify his pre-sentence incarceration credit for that conviction to 337 days for the reasons set forth in our unpublished decision. We affirm Miranda's convictions and sentences on counts 2 and 3.

CONCURRING: PHILIP E. TOCI, Presiding Judge, and RUDOLPH J. GERBER, Judge.