NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERT EDWARD NEAL, *Appellant*.

No. 1 CA-CR 21-0306
FILED 12-8-2022

Appeal from the Superior Court in Mohave County
No. S8015CR202100070
The Honorable Richard D. Lambert, Judge

**AFFIRMED AS MODIFIED**

APPEARANCES

Janelle A. McEachern, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

Robert Edward Neal, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

---

**G A S S**, Vice Chief Judge:

¶1        Robert Edward Neal filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Neal's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel, therefore, asks this court to review the record for fundamental error. Neal filed a 30-page supplemental brief *in propria persona*, which this court has considered. Finding no fundamental error in the record, this court affirms Neal's convictions and sentences as modified to account for the clerical errors noted below. *See infra* ¶¶ 52–53.

## FACTUAL AND PROCEDURAL HISTORY

¶2        This court views the facts in the light most favorable to sustaining the jury verdicts and resolves all reasonable inferences against Neal. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3        Neal and M.C. rented a Lake Havasu house. The owner called the police after viewing concerning footage from his garage security camera. When officers arrived, they heard a man and woman quarreling. When M.C. allowed the police to enter the house, they observed a "sizeable amount of blood" on the back of M.C.'s head. They found her daughter inside and found Neal in the neighbor's front yard.

¶4        Officers secured a warrant and searched the house, finding documents, credit cards, drivers' licenses, and social security cards. Several items showed Neal's and M.C.'s name and information. Many other items showed names and information for other people, and some included Neal's photo with different names. Officers also found a card printer, embosser, and magnetic strip reader.

¶5        A grand jury indicted Neal on various crimes, some of which the superior court dismissed before trial. The State proceeded to trial on the following: (1) fraudulent schemes and artifices (class 2 felony); (2) aggravated taking the identity of another (class 3 felony); (3) forgery (class 4 felony); (4) forgery of a credit card (class 4 felony); (5) aggravated assault

(a domestic violence offense and class 4 felony); (6) criminal possession of a forgery device (class 5 felony); (7) theft of a credit card (class 5 felony); and (8) child abuse (a domestic violence offense and class 5 felony).

¶6        On the second day of a three-day jury trial, Neal's counsel announced Neal did not plan to testify and would not call any witnesses. Later the same day, the superior court noticed members of the jury "observing" Neal because his voice was "more than a whisper." As a result, the superior court addressed Neal outside the jury's presence and warned Neal his disruptive behavior could result in a voluntary waiver of his presence at trial. After the warning, court recessed.

¶7        After the recess, Neal stood in the courtroom doorway while his counsel told the superior court, "[Neal] no longer wishes to participate, talk to anybody in this courtroom, or talk to me." Neal's counsel affirmed Neal voluntarily waived his presence. After discussion with the parties, the superior court recognized Neal could voluntarily absent himself and was free to return for any portion of the trial, if he chose to do so. Neal left and did not return until the sentencing hearing.

¶8        At the close of evidence, Neal's counsel moved for a judgment of acquittal on counts 1–4 and 8. *See* Ariz. R. Crim. P. 20(a)(1). The superior court granted the motion as to count 8 (child abuse) but denied it as to the others.

¶9        The jury found Neal guilty of the remaining seven counts. For counts 1–4 and 7, the jury found the State proved three aggravating factors. *See* A.R.S. §§ 13-701.D.4, .6, .9. For count 5, the jury found the State proved one aggravating factor. *See* A.R.S. § 13-701.D.9.

¶10        At sentencing, the superior court found all offenses non-dangerous and found one mitigating factor—Neal "could not appreciate the wrongfulness of his conduct or conform his conduct to the requirements of the law because his drug addiction significantly impaired him." Though the superior court considered Neal's remorsefulness, the superior court gave it no weight "because of [Neal's] extensive criminal history" and found the aggravating factors outweighed the mitigating factors for sentencing. The superior court also found the State proved one prior felony making Neal a category-two, repetitive offender. *See* A.R.S. § 13-703.B.

¶11        For counts 1–4, and 6, the superior court imposed multiple, concurrent prison terms totaling 18.5 years. Specifically, the superior court sentenced Neal as follows: (count 1) an aggravated term of 18.5 years; (count 2) an aggravated term of 13 years; (count 3) an aggravated term of 6

years; (count 4) an aggravated term of 6 years; and (count 6) a mitigated term of 1.5 years. For each of those counts, the superior court gave Neal credit for 188 days of time served.

**¶12**　　　For count 5, the superior court imposed a presumptive term of 4.5 years to run consecutive to the sentences for counts 1–4 and 6. For count 7, the superior court imposed an aggravated term of 3 years to run consecutive to the sentence for count 5. Neal's total sentence is 26 years.

**¶13**　　　Neal timely appealed. This court has jurisdiction under article VI, section 9 of the Arizona Constitution, and A.R.S. § 13-4031.

## ANALYSIS

**¶14**　　　After a diligent search of the entire record, Neal's counsel found no arguable question of law. Neal raises 13 issues in his supplemental brief which fit into 6 categories:

(1) the sufficiency of evidence supporting his convictions (issue 8);
(2) the admissibility of evidence (issues 6 and 13);
(3) his sentencing (issues 10, 11, and 12);
(4) his constitutional rights (issues 5 and 7);
(5) his absence during trial (issues 4 and 9); and
(6) the jury (issues 1, 2, and 3).

We address the categories as outlined above.

## I.　　Sufficient evidence supported Neal's convictions.

**¶15**　　　Neal argues the superior court should have directed the verdict or dismissed all counts after his attorney made a Rule 20 motion. He argues the State failed to present sufficient evidence on all counts, including the dismissed count for child abuse. If, after the close of evidence, "there is no substantial evidence to support a conviction," then the superior court "must enter a judgment of acquittal" on any offense charged. Ariz. R. Crim. P. 20(a)(1), (b)(2). "Substantial evidence is proof that a rational trier of fact could find sufficient to support a conclusion of guilt beyond a reasonable doubt." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998).

**¶16**　　　This court reviews the sufficiency of evidence "in the light most favorable to sustaining the verdict[] and resolve[s] all reasonable inferences against the defendant." *Id.* A conviction unsupported by any probative facts is reversible error. *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996). This court tests the sufficiency of evidence against the statutorily

required elements of the offense. *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005).

¶17        As we discuss below, sufficient evidence supports each of the convictions.

### A.        Count 1: Fraudulent Schemes and Artifices

¶18        Neal claims the State failed to present evidence of the "benefit element" or "any crimes committed using forged documents, ID, credit cards or anything else." To convict Neal, the State needed to present evidence Neal knowingly obtained a benefit through a "scheme or artifice to defraud." *See* A.R.S. § 13-2310.A. Under the statute, "'[b]enefit' means anything of value or advantage, present *or prospective*." A.R.S. § 13-105(3) (emphasis added). The State, thus, could show evidence of a potential *future* benefit to satisfy the benefit element of the crime. *See id.* The State presented evidence Neal possessed blank cards he could use to create identification cards, a magnetic strip reader, and the identification information of "various citizens." The superior court found the State presented evidence Neal could benefit from "carrying out a . . . forgery operation to carry out various crimes."

### B.        Count 2: Aggravated Taking the Identity of Another

¶19        Neal claims the State failed to present testimony from three or more people on count 2. The statute, however, does not require such proof. Instead, it contemplates the use of personal identifying information of "real *or fictitious* persons or entities." *See* A.R.S. § 13-2009.A.1 (emphasis added). The State did not need to prove the information belonged to real people. The evidence included personal identifying information, such as a name, of more than three people.

### C.        Count 3: Forgery

¶20        Neal appears to argue the only evidence to support the forgery conviction was "a photocopy of a [$20] bill with a web address on the bottom." To convict Neal of forgery, the State must prove Neal knowingly possessed a forged instrument. *See* A.R.S. § 13-2002.A.2. Factfinders may infer intent to defraud if a person possesses "five or more forged instruments." A.R.S. § 13-2002.B. In addition to the photocopy of a $20 bill, the State presented more than five other instruments, including multiple identification cards featuring Neal's photo with different names, other's identification cards, and documents made out to M.C. with different addresses and information.

### D.     Count 4: Forgery of a Credit Card

**¶21**          Neal claims no testimony showed he forged any credit cards. To convict Neal for forgery of a credit card, the State must prove Neal intended to defraud by "manufactur[ing] or fabricat[ing] an instrument or device purporting to be a credit card without the express authorization of an issuer." *See* A.R.S. § 13-2104.A.1. The State, however, presented evidence of credit cards with false information and information for other people.

### E.     Count 5: Aggravated Assault by Domestic Violence

**¶22**          Neal argues the victim, M.C., needed to testify for the State to convict him of aggravated assault by domestic violence. But nothing in § 13-3601.A.1 (domestic violence), § 13-1203.A.1 (assault), or A.R.S. § 13-1204.A.3 (aggravated assault) requires testimony of the alleged victim. The State presented witness testimony from the property owner who witnessed the incident via live video, the officer who noticed M.C.'s head injury, and M.C.'s daughter who was present the day of Neal's arrest. M.C.'s daughter testified she witnessed Neal and M.C. fighting the day of the arrest and she saw Neal hit M.C. on the back of her head making her bleed.

### F.     Count 6: Criminal Possession of a Forgery Device

**¶23**          Neal argues the evidence to convict him of criminal possession of a forgery device was insufficient because a detective testified the devices had "a legitimate purpose," for example "a credit card reader is used in every store." The statute, however, applies to devices "adaptable for use in forging written instruments." A.R.S. § 13-2003.A.2. The presence of a non-forgery purpose, thus, does not exclude a device from consideration under A.R.S. § 13-2003.A.2. The State presented evidence of a used print cartridge showing an impression for a California driver's license, a card printer containing cards, an embosser to create raised text and numbers on cards, and a card magnetic strip reader.

### G.     Count 7: Theft of a Credit Card

**¶24**          Neal claims the charge of theft of a credit card was outside the superior court's jurisdiction because the alleged theft occurred in California and the State failed to show Neal stole a victim's social security and credit cards. The State showed Neal was in Arizona when he possessed the victim's social security card and business credit card, and the victim did not consent to Neal possessing these items.

## II.    The superior court properly admitted evidence.

¶25        Neal argues the admission of video evidence from the house violated his privacy because he did not have knowledge of, and did not consent to, the recording. He further argues the property owner testified about the video beyond the scope of the portion admitted. At the beginning of trial, Neal orally moved to suppress the video evidence on privacy grounds. The superior court denied the motion. The superior court found the motion untimely because Neal should have filed it "no later than 20 days before trial." *See* Ariz. R. Crim. P. 16.1(b). The record supports the superior court's finding no exception applied to the untimely motion. *See* Ariz. R. Crim. P. 16.1(c).

¶26        Neal also contends the superior court admitted unduly prejudicial evidence because Exhibit 5 contained a bail-bond receipt. The receipt, unrelated to this case, appeared on two out of 620 pages. The receipt was not the subject of any testimony or argument. Neal did not object to the receipt at trial and points to no evidence of prejudice. This court, thus, finds no fundamental error.

## III.    The superior court properly sentenced Neal.

¶27        Neal argues the superior court erred by misapplying aggravating factors to his sentences and imposing an excessive prison term.

### A.    Aggravating Factors

¶28        First, Neal argues the superior court erred in applying the aggravating factors the jury found for counts 1–5 and 7. The superior court may impose an aggravated term for a category two repetitive offender if the jury finds, beyond a reasonable doubt, at least two aggravating circumstances (excluding a prior felony conviction). A.R.S. §§ 13-703.I, .K. The superior court must decide whether the State has proven, beyond a reasonable doubt, any prior felonies. A.R.S. §§ 13-703.K, -701.D.11.

¶29        Neal argues no testimony supported the three aggravating factors—the presence of an accomplice; expectation of pecuniary gain; and physical, emotional, or financial harm to a victim. The State, however, presented evidence M.C. was an accomplice because of her presence in the home and the numerous documents bearing her name and photo; Neal could have benefited financially from the crimes; and victims suffered harm from identity theft. Sufficient evidence, thus, supported the jury's findings of the three aggravating factors.

¶30        Second, Neal argues the superior court erred in finding he had one prior felony conviction. To prove a prior felony conviction, the State must introduce "a certified copy of the conviction . . . and establish the defendant as the person to whom the document refers." *State v. Miller*, 215 Ariz. 40, 43, ¶ 11 (App. 2007) (cleaned up). The State presented a certified copy of a prior California felony with Neal's name, birthdate, and photo. The superior court, thus, did not err in finding the State established Neal's prior felony conviction.

### B.      Sentence Term

¶31        Neal argues his sentence is excessive because the alleged crimes caused no financial loss to anyone, all the crimes arose from the same incident, and M.C. did not testify as a victim.

¶32        The superior court has discretion to impose multiple prison sentences consecutively or concurrently. A.R.S. § 13-711.A; *see also State v. Devine*, 150 Ariz. 507, 510 (App. 1986). The superior court properly imposes consecutive sentences for "distinct and separate crimes" if it states its reasons. *State v. Girdler*, 138 Ariz. 482, 489 (1983). When the crimes are separate and distinct, the superior court still may impose consecutive sentences even if the crimes arose from the same incident. *See State v. Sanchez*, 130 Ariz. 295, 302 (App. 1981).

¶33        Two crimes are separate and distinct if (1) after subtracting the evidence necessary to convict the defendant for one crime, sufficient evidence remains to convict the defendant of the other crime, and (2) "the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the [greater] crime." *State v. Gordon*, 161 Ariz. 308, 315 (1989).

¶34        The crimes of fraudulent schemes and artifices, aggravated assault, and theft of a credit card are separate and distinct. The superior court imposed consecutive terms for the aggravated assault and theft of a credit card because each crime involved "a separate victim." Further, the evidence of the aggravated assault has nothing to do with the other crimes. After we subtract the evidence to support theft of a credit card (Neal's possession of a victim's credit card and the victim's testimony), the remaining evidence is more than sufficient to sustain Neal's conviction for fraudulent schemes and artifices.

¶35        Because the crimes are distinct and the superior court stated its reasons for the consecutive terms on the record, the superior court did not err.

## IV.     The superior court did not violate Neal's constitutional rights.

### A.     Double Jeopardy

¶36          Neal argues the State violated double jeopardy. To prevail on this argument, Neal must establish the crimes of aggravated taking the identity of another, forgery, and forgery of a credit card are lesser included offenses of fraudulent schemes and artifices. Crimes are not lesser included offenses if each "requires proof of a fact which the other does not." *State v. Jurden*, 239 Ariz. 526, 529, ¶ 10 (2016) (citation omitted).

¶37          Contrary to Neal's claim, each crime includes at least one element not included in the others. *See id.* Fraudulent schemes and artifices require proof the defendant knowingly acted "pursuant to a scheme or artifice to defraud" — an element the other crimes do not require. *See* A.R.S. § 13-2310.A. The other crimes similarly include distinct elements. *Compare* A.R.S. § 13-2310.A *with* A.R.S. §§ 13-2009.A ("identifying information . . . [for] three or more persons or entities, including real or fictitious persons or entities"), -2002.A.1 ("[f]alsely makes, completes or alters a written instrument"), -2104.A.1 ("an instrument or device purporting to be a credit card").

¶38          Because each crime requires at least one distinct fact not included in the others, the superior court did not subject Neal to double jeopardy. *See Jurden*, 239 Ariz. at 529, ¶ 10.

### B.     Confrontation Clause

¶39          Next, Neal argues the superior court violated his confrontation rights. The confrontation clause guarantees a defendant the right to confront witnesses against him. U.S. Const. amend. VI; *see also* Ariz. Const. art. 2, § 24. Put another way, the superior court cannot admit "out of court testimonial evidence unless the defense has had an opportunity to cross-examine the declarant." *State v. Parker*, 231 Ariz. 391, 402, ¶ 38 (2013) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)).

¶40          First, Neal claims he "had no chance to cross examine [his] accuser" on the aggravated assault count because M.C. "was not called as a witness." True, M.C., a co-defendant, and the alleged aggravated assault victim, did not testify. But Neal did not object and the State did not admit their statements through testimony offered by others. And the State presented video evidence of the alleged domestic violence. The State also questioned the property owner who witnessed the video, the officer who first noticed M.C.'s head injury, and M.C.'s daughter who witnessed the

alleged incident. Neal's counsel had the opportunity to cross-examine all witnesses. Neal did not allege any witnesses introduced hearsay statements.

¶41 Second, Neal claims the superior court violated his confrontation rights because the State failed to produce any victims in its case on fraudulent schemes and artifices, aggravated taking the identity of another, and forgery of a credit card. The confrontation clause, however, does not require the production of *victims*. Instead, it requires the defendant have an opportunity to cross-examine *witnesses* against him. *See* U.S. Const. amend. VI; *see also* Ariz. Const. art. 2, § 24; *Parker*, 231 Ariz. at 402, ¶ 38.

¶42 Neal does not allege the superior court admitted hearsay. His counsel did not object. The superior court, thus, did not err.

## V. Neal voluntarily waived his presence during the trial.

¶43 Neal argues his partial absence was involuntary and prevented him from testifying and hearing the jury verdict. "A defendant in a felony or misdemeanor trial has the right to be present at every stage of the trial[,]" but can waive the right. Ariz. R. Crim. P. 19.2. "[A] defendant's voluntary absence waives the right to be present at any proceeding," and "[t]he court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." Ariz. R. Crim. P. 9.1.

¶44 The superior court did not err in finding Neal voluntarily waived his presence because Neal had actual notice of the date and time of the proceeding, and notice of his right to be present, plus the superior court warned him the trial would proceed without him. *See id.* As discussed above, Neal was present at the trial when he made his decision to leave and not return until sentencing. *See supra* ¶ 7.

## VI. The superior court properly empaneled and instructed the jury.

¶45 First, Neal argues the superior court should have granted his motion to strike a juror for cause because of the juror's experience working in law enforcement. Neal argues his counsel "was [then] forced to use one of two strikes" to remove the juror. Neal did not object to the court's denial of the request to strike the juror for cause. Neal, further, points to no other juror his counsel would have removed. Even assuming the denial was error, Neal shows no prejudice, so his argument fails.

¶46 Second, Neal claims the superior court showed undue favor and improperly communicated with a juror by securing a hotel room for a 19-year-old juror who lived more than four hours from the courthouse. Trial courts, however, must provide "lodging and other reasonable necessities" for jurors in criminal cases. A.R.S. § 21-122. And Neal points to no evidence of potential prejudice.

¶47 Third, Neal claims the superior court erred by not ensuring the entire jury pool was present when the superior court asked the jurors the following: "If selected to sit on this case, would any of you be unable or unwilling to render a verdict solely on the evidence presented at trial for religious or any other reason?" At that time, 18 jurors were in the juror box, while alternate jurors were in the back of the courtroom and in another building participating remotely. Though not all potential jurors were in the courtroom at the time, the entire pool heard the question. Neal does not explain how the separation of the jury pool during *voir dire* caused prejudice.

¶48 Fourth, Neal claims the State included the child-abuse charge "just [] to poison the jury with an unfounded allegation." But the superior court granted Neal's Rule 20 motion on the child abuse count, and it instructed the empaneled jury: child abuse "is no longer before you. You should not speculate about why the charge is no longer part of this trial. The defendant is on trial only for the charges on the remaining counts. You may consider the evidence presented only as it relates to the remaining counts." This court presumes juries follow their instructions. *See State v. Dunlap*, 187 Ariz. 441, 461 (App. 1996).

**VII.   The record shows no fundamental error.**

¶49 A fundamental error is one which (1) "went to the foundation of the case"; (2) "took from the defendant a right essential to his defense"; or (3) "was so egregious that [the defendant] could not possibly have received a fair trial." *State v. Allen*, 248 Ariz. 352, 360, ¶ 18 (2020). If Neal establishes prongs one or two, he must also demonstrate prejudice. *See id.* If, however, Neal establishes the third prong, "no separate showing of prejudice is necessary, and a new trial must be granted." *See id.*

¶50 This court has read and considered counsel's brief, Neal's brief, and fully reviewed the record for reversible error, finding none. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011).

¶51 The superior court conducted all the proceedings in compliance with the Arizona Rules of Criminal Procedure. The record

shows, during all critical stages of the proceedings, Neal was present (or voluntarily waived his presence) and represented by counsel. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of 12 jurors. *See* A.R.S. § 21-102.A. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Neal's presumed innocence. Additionally, Neal had an opportunity to speak at sentencing, and the sentence imposed was within the statutory guidelines. *See* Ariz. R. Crim. P. 26.9, 26.10(c)(1); A.R.S. § 13-703.B.

**VIII. The July 19, 2021 Pre-Sentence Hearing/Judgment & Sentencing Prison contains clerical errors.**

**¶52**        We note the July 19, 2021 Pre-Sentence Hearing/Judgment & Sentencing Prison at page three contains a clerical error regarding count 4 (forgery of a credit card). For count 4, the order omits A.R.S. § 13-2104.A.1. The indictment, however, includes § 13-2104.A.1 and the jury instructions list its elements. We also note the July 19, 2021 Pre-Sentence Hearing/Judgment & Sentencing Prison contains clerical errors regarding the sentencing statutes. For all counts, the order omits A.R.S. § 13-703, which applies to sentencing for repetitive offenders. The superior court sentenced Neal as a "Category 2 Repetitive Offender" and noted such during the sentencing hearing and in the July 19, 2021 judgment. We find no prejudice to Neal for any of these clerical errors.

**¶53**        We, however, modify the July 19, 2021 Pre-Sentence Hearing/Judgment & Sentencing Prison as follows: (1) at page three, strike "In violation of A.R.S. §§ 13-2101, 13-701, 13-702, and 13-801" and insert "In violation of A.R.S. §§ 13-2101, 13-2104.A.1, 13-701, 13-703, and 13-801"; (2) for the remaining counts, strike "13-702" and insert "13-703".

**CONCLUSION**

**¶54**        We affirm Neal's convictions and sentences as modified. *See supra* ¶¶ 52–53.

**¶55**        Defense counsel's obligations pertaining to Neal's representation in this appeal have ended. Defense counsel need do no more than inform Neal of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶56** Neal has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). This court, on its own motion, extends the 15-day filing deadline under Arizona Rule of Criminal Procedure 31.20 and grants Neal 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA