22 P.3d 506

STATE of Arizona, Appellee,

v.

Alex Martinez MIRANDA, Appellant.

No. CR–00–0540–PR.

Supreme Court of Arizona,
En Banc.

May 4, 2001.

Janet Napolitano, The Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Consuelo M. Ohane-

**68**

sian, Assistant Attorney General, Phoenix, Attorneys for the State of Arizona.

James J. Haas, Maricopa County Public Defender, by Louise Stark, Deputy Public Defender, Phoenix, Attorneys for Miranda.

## OPINION

McGREGOR, Justice.

¶ 1 Miranda appeals his convictions on three counts of disorderly conduct. He contends that the trial court committed fundamental error when it instructed the jury on disorderly conduct as a lesser-included offense of aggravated assault, with which he also had been charged. The court of appeals affirmed his conviction, and we granted review pursuant to Arizona Rule of Criminal Procedure 31.19. Because Miranda requested the disorderly conduct instruction, we review only for fundamental error.[1] *State v. Dickens*, 187 Ariz. 1, 22–23, 926 P.2d 468, 489–90 (1996). We approve the decision of the court of appeals and affirm Miranda's convictions.

### I.

¶ 2 This court addressed the issue of whether a jury can be instructed on disorderly conduct as a lesser-included offense of aggravated assault in *State v. Angle*, 149 Ariz. 478, 479, 720 P.2d 79, 80 (1986). An instruction on a lesser-included offense is proper if the crime is in fact a lesser-included offense to the one charged and if the evidence supports the giving of the lesser-included instruction. *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983). A lesser-included offense is one "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *Id.*

¶ 3 A person commits disorderly conduct if, "with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so," that person "[r]ecklessly handles, displays or discharges a deadly weapon or dangerous instrument." Ariz.Rev.Stat. (A.R.S.) § 13–2904.A.6 (2001). A person commits aggravated assault by "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury" using "a deadly weapon or dangerous instrument." A.R.S. §§ 13–1203.A.2, 13–1204.A.2 (2001). In *Angle*, we reasoned that because one cannot place a person in reasonable apprehension of imminent physical danger without in fact also disturbing her peace, all elements of disorderly conduct by reckless display of a firearm are in fact elements of aggravated assault. *State v. Angle*, 149 Ariz. 499, 508, 720 P.2d 100, 109 (App. 1985) (Kleinschmidt, J., dissenting), *adopted by* 149 Ariz. 478, 479, 720 P.2d 79, 80 (1986). We therefore concluded that disorderly conduct instructions are appropriate in aggravated assault cases if the facts support both instructions. *Id.*

### II.

¶ 4 Subsequent court of appeals decisions interpreted the disorderly conduct statute in ways that conflicted with our holding in *Angle*. In 1995, the court of appeals held that a conviction for disorderly conduct requires a finding that the victim was in fact at peace when the conduct occurred. *In re Maricopa County Juvenile Action No. JV133051*, 184 Ariz. 473, 475, 910 P.2d 18, 20 (App.1995). In 1999, the court of appeals concluded that *In re JV133051* "undercuts the *Angle* conclusion that disorderly conduct ... [is] a lesser-included offense of aggravated assault." *State v. Cutright*, 196 Ariz. 567, 571 ¶ 19, 2 P.3d 657, 661 ¶ 19 (App.1999). The *Cutright* court held that, "[b]ecause one can commit an assault upon either a peaceful or a disturbed

---

1. The state, relying on our opinion in *State v. Diaz*, argues that Miranda waived this claim by requesting the instruction at issue. *State v. Diaz*, 168 Ariz. 363, 365, 813 P.2d 728, 730 (1991) (holding that where a defendant requests an instruction and later alleges fundamental error, any error is "invited error at its worst, and it is waived for appeal purposes."). However, the doctrine of invited error does not apply when the error is based on a change in law after the defendant's trial. *Id.* As we discuss below, the court of appeals decision in *State v. Cutright*, 196 Ariz. 567, 2 P.3d 657 (App.1999), appeared to change the law applicable to the defendant's case. Miranda's request of the lesser-included offense instruction, therefore, does not constitute waiver of his claim.

person, but one can disturb the peace only of the former, it can no longer be said that committing aggravated assault always results in commission of disorderly conduct," and disorderly conduct therefore could not be considered a lesser-included offense of aggravated assault. *Id.* at ¶ 21, 2 P.3d 657.

¶ 5 The *Cutright* court was correct in reasoning that, if a showing that the victim was at peace when the conduct occurred constitutes an element of the crime of disorderly conduct, disorderly conduct cannot properly be regarded as a lesser-included offense of aggravated assault. However, the statute defining disorderly conduct does not require that one actually disturb the peace of another through certain acts. Rather, the statute requires the commission of certain acts "with intent to disturb the peace . . . or with knowledge of doing so." A.R.S. § 13–2904.A (2001). Defining crimes and fixing punishments are functions of the legislature. *E.g., State v. Marquez,* 127 Ariz. 98, 103, 618 P.2d 592, 597 (1980). Courts may not add elements to crimes defined by statute, and the court of appeals erred in doing so. We reaffirm our holding in *Angle.* Insofar as our holding is inconsistent with those of the court of appeals in *In re JV133051* and *Cutright,* we expressly disapprove those opinions.

### III.

¶ 6 We now examine whether, on the facts of this case, the court properly instructed the jury. The complaining witness testified that, as she and her son were walking along the sidewalk, she saw the defendant emerge from behind a dumpster with a gun in his hand. She testified that the defendant fired the gun into the ground once, looked at her son and fired once at him, then looked at her and fired once at her. The defendant testified that he fired the gun, which he had just stolen, into the ground to see how it worked. He further testified that he fired the gun only once, and that he neither fired nor pointed the gun at the complaining witness or her son. The police found only one spent shell casing, and a worker in a nearby building testified that she heard only one "popping" noise before the complaining wit-

ness came in to call the police. However, the police found two indentations in the ground that were consistent with bullet marks and recovered the stolen gun, which had a seven-round capacity, with only four live rounds remaining.

¶ 7 Although the evidence permits conflicting inferences, the jury could have concluded that the defendant fired one shot into the ground and did not fire again at the complaining witness or her son. The jury reasonably could have found the defendant did not intentionally place the complaining witness and her son in reasonable apprehension of imminent physical injury but did knowingly or intentionally disturb the peace through reckless handling and discharge of a firearm. On these facts, the trial judge did not err in giving the lesser-included instruction.

### IV.

¶ 8 For the foregoing reasons, we approve the decision of the court of appeals, reaffirm *Angle,* and affirm Miranda's convictions.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice–Chief Justice, STANLEY G. FELDMAN, Justice, FREDERICK J. MARTONE, Justice.