NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DONALD D. HOLMES, *Plaintiff/Appellant,*

*v.*

ALLENS AUTO SERVICES 2 LLC, *Defendant/Appellee.*

No. 1 CA-CV 19-0808
FILED 9-10-2020

Appeal from the Superior Court in Maricopa County
No. LC2018-000481-001
The Honorable Amy Michelle Kalman, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Donald D. Holmes, Sun City West
*Plaintiff/Appellant*

Mushkatel, Robbins & Becker P.L.L.C., Surprise
By Lisa K. Misner-Skozen
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1　　　　Donald Holmes sued Allens Auto Services 2 LLC in justice court regarding work done on his automobile. Holmes appealed some of the justice court's orders to the superior court. A superior court commissioner, acting as a judge *pro tempore*, affirmed the orders in part and remanded to the justice court for further proceedings. In its ruling, the superior court rejected Holmes' constitutional challenge to A.R.S. § 12-349 and awarded attorney fees against him. Holmes appeals, arguing the superior court commissioner (1) lacked authority to preside over his case, (2) erred in finding A.R.S. § 12-349 constitutional, and (3) abused her discretion in ruling against him on procedural and substantive matters. This court affirms and remands to the justice court for further proceedings.

¶2　　　　Procedurally, this case has taken a few turns. Holmes filed an appeal before the superior court entered the orders discussed above. This court dismissed for lack of jurisdiction. After the commissioner entered the above orders, Holmes again appealed. This court stayed that appeal because the order did not contain Rule 54(b) or (c) language. The commissioner then entered an order saying, "As to the appealed issue regarding the Motion to Dismiss Defendants and the Resulting Request for Attorney's Fees, there are no further matters remaining pending and the judgment is entered under Rule 54(b)."

¶3　　　　This court's appellate jurisdiction is limited to (1) Holmes' challenge to the commissioner's authority to preside over his case and (2) Holmes' constitutional challenge to A.R.S. § 12-349. *See Baker v. Bradley*, 231 Ariz. 475, 478–79, ¶ 8 (App. 2013) (this court must independently examine its jurisdiction in every appeal and cannot act if it lacks jurisdiction). Rule 14(b) of the Superior Court Rules of Civil Appellate Procedure prohibits any appeal "from a final decision or order of the superior court [on review of a judgment of the justice court], except where the action involves the validity of a tax, impost, assessment, toll, statute or municipal ordinance." *See* Ariz. Const. art. VI, § 9; A.R.S. §§ 12-120.21.A.1, 22-375.B; *see also Roubos v. Miller*, 213 Ariz. 36, 37, ¶ 2 (App. 2006).

¶4            Holmes argues no authority allowed the commissioner to preside over his case. To the contrary, a superior court commissioner, acting as a judge *pro tempore*, has the authority to rule on matters such as Holmes' appeal. *See* Ariz. Const. art. VI, § 31(B); *see also Vera v. Rogers*, 246 Ariz. 30, 35, ¶ 19 n.5 (App. 2018). In short, "[a]s a *pro tempore* judge, [the commissioner] had the same authority as a full-time regularly seated superior court judge" and acted within that authority to preside over Holmes' case. *See State of Netherlands v. MD Helicopters Inc.*, 248 Ariz. 533, 537, ¶ 8 n.2 (App. 2020).

¶5            Because this matter began in justice court, this court limits any further review to Holmes' challenge to § 12-349's facial validity. *See* A.R.S. § 22-375; *State v. McMahon,* 201 Ariz. 548, 550, ¶ 3 (App. 2002). "If the statute is constitutional, our inquiry is at an end." *State v. Singer*, 190 Ariz. 48, 50 (App. 1997). This court reviews *de novo* a facial challenge to a statute's validity. *See McMahon,* 201 Ariz. at 550, ¶ 5. A statute is presumed constitutional, and the party challenging its constitutionality bears the burden of persuasion to the contrary. *See State v. Russo*, 219 Ariz. 223, 225, ¶ 4 (App. 2008). Holmes cites general authority regarding equal protection standards but cites no authority directly supporting his contention § 12-349 is facially unconstitutional. Here, as in the superior court, Holmes "makes bare assertions, unsupported by any analysis, that [§ 12-349] grants attorneys special privileges and immunities that non-attorneys do not have." He does not meet his burden of establishing—beyond a reasonable doubt—that § 12-349 runs afoul of equal protection guarantees under either the United States or Arizona Constitutions.

¶6            This court declines to exercise special action jurisdiction over Holmes' remaining issues. "Special action jurisdiction is highly discretionary but may be appropriate when no equally plain, speedy, and adequate remedy by appeal exists." *Prosise v. Kottke*, 249 Ariz. 75, 77, ¶ 10 (App. 2020) (quotation omitted). "Jurisdiction is also appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again." *Id.* (quotation omitted). Holmes argues the judge *pro tempore* abused her discretion in denying his motion for sanctions, his request for oral argument, and his request for more time. Holmes also argues she did not fully consider his supplemental briefing. These issues do not meet the criteria for special action jurisdiction. *See id.*

¶7            Allens Auto seeks an award of attorney fees as a sanction under ARCAP 25, which authorizes appellate courts to impose sanctions—including an award of fees—if the appeal was frivolous or was filed solely

for the purpose of delay. A narrow line sits between a frivolous appeal that justifies sanctions and a meritless appeal that does not. *Hoffman v. Greenberg*, 159 Ariz. 377, 380 (App. 1988). This court exercises its authority to punish litigants for frivolous appeals "most sparingly." *Price v. Price*, 134 Ariz. 112, 114 (App. 1982) (citation omitted).

**¶8**       Holmes' litigation techniques at the justice and superior court were not appropriate. The merit of the issues Holmes raised in his appeal are concerning. This court, however, cannot say Holmes crossed the narrow line. And Allens Auto does not establish Holmes brought the appeal solely to delay the proceedings in the justice court. This court, therefore, awards Allens Auto its costs on appeal as the prevailing party under A.R.S. § 12-342 but declines in its discretion to impose sanctions against Holmes under ARCAP 25.

**¶9**       For the above reasons, this court affirms the superior court's ruling and remands to the justice court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA