NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

THEODORE BRADY WILLIAMS, *Appellant.*

No. 1 CA-CR 22-0136
FILED 5-4-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202100412
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Acting Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Angela K. Paton joined.

---

**M O R S E**, Judge:

¶1 Theodore Brady Williams appeals his convictions and sentences for one count of aggravated assault, a class 3 felony, and one count of disorderly conduct, a class 6 felony. We affirm in part and vacate in part.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In April 2021, two families were camping near Kingman, Arizona. In the late afternoon, four of the families' young boys rode their all-terrain vehicles ("ATVs") down a trail toward a nearby wash. Williams had set up camp near the wash, about 60-75 feet from the ATV trail.

¶3 Williams took issue with the boys riding near his campsite and yelled to try to get their attention. The boys could not hear Williams initially because of their padded helmets and the noise from their ATVs. Williams proceeded to retrieve a handgun from his truck and fire two shots near where the boys were riding. The gunshots scared the boys and caused them to leave the area near Williams's campsite and return to their parents.

¶4 The boys' parents went to Williams's campsite to speak with him about the incident. When they arrived, Williams pulled out a gun and threatened to shoot. Williams told the parents that he "shot at" the boys and later confirmed to police that he had "fired two shots to get their attention." Williams claimed the boys were burning out, doing doughnuts, and creating a "whirlwind of dirt," but the police found no evidence of this behavior and found no ATV tracks within 60 feet of Williams's campsite.

¶5 The State charged Williams with aggravated assault and disorderly conduct involving a weapon. A jury convicted Williams of both charges. The superior court suspended imposition of Williams's sentence and placed him on three years' supervised probation.

¶6        Williams timely appealed, and we have jurisdiction under Arizona Constitution article VI, section 9 and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.        Sufficiency of the Evidence.

¶7        Williams challenges the sufficiency of the evidence supporting his conviction for aggravated assault.

¶8        We review the sufficiency of the evidence de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We view the evidence in the light most favorable to affirming the verdict, and "will reverse only if there is a complete absence of substantial evidence to support the conviction." *State v. Ramsey*, 211 Ariz. 529, 542, ¶ 40 (App. 2005) (citation omitted). "Substantial evidence is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004). We will consider both direct and circumstantial evidence, *West*, 226 Ariz. at 562, ¶ 16, but we will not reweigh conflicting evidence or reassess witness credibility on appeal, *State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013).

¶9        To support Williams's conviction, the State had to prove he "[i]ntentionally plac[ed] another person in reasonable apprehension of imminent physical injury" using "a deadly weapon or dangerous instrument." A.R.S. §§ 13-1203(A)(2), -1204(A)(2). Williams argues that the State failed to provide evidence of either his intent to place the boys in fear of imminent injury or that the boys feared imminent injury.

¶10       As to Williams's intent, because a defendant's mental state "will rarely be provable by direct evidence," a jury may "infer it from his behaviors and other circumstances surrounding the event." *State v. Noriega*, 187 Ariz. 282, 286 (App. 1996); *see also State v. Routhier*, 137 Ariz. 90, 99 (1983) ("Criminal intent, being a state of mind, is shown by circumstantial evidence."). Viewed in its entirety, the evidence is sufficient to allow a reasonable factfinder to find that Williams intended to place the victims in reasonable apprehension of physical injury. *See State v. VanWinkle*, 230 Ariz. 387, 392, ¶ 16 (2012).

¶11       At least one victim recalled that Williams shouted at the group to get off his property before pointing his gun and firing the first shot. The jury heard Williams testify that he fired the first shot at a tree in the "opposite" direction from the children and fired a second shot to let

them know not to return. But an officer testified that the tree at which Williams claimed to shoot was only 20 feet away from the children. When asked where Williams pointed the gun when he fired the shot, a boy testified that it "kind of looked, like, at us, but, like, I can't really say." And the jury also heard that officers could not locate evidence to support Williams's claim that he was "return[ing] fire" in response to being pelted by rocks from the ATV tires. The parents testified that when confronted, Williams admitted he "shot at" the boys. And Williams later told police he had "fired two shots to get their attention." Williams also testified to firing the first shot to get them to stop riding near his camp and the second to make sure they did not come back.

¶12        We "view the evidence in the light most favorable to sustaining the conviction" and resolve all reasonable inferences against the defendant. *State v. Lee*, 189 Ariz. 590, 603 (1997). The jury "was not required to accept [Williams's] testimony and could consider his false denials as evidence of guilt." *State v. Crain*, 250 Ariz. 387, 400, ¶ 53 (App. 2021); *see also United States v. Davis*, 909 F.3d 9, 19 (1st Cir. 2018) ("It is a 'well-settled principle that false exculpatory statements are evidence — often strong evidence — of guilt.'" (quoting *Al-Adahi v. Obama*, 613 F.3d 1102, 1107 (D.C. Cir. 2010)). In this context, we must accept the reasonable inference that Williams brandished and fired the gun "to place the victims in reasonable apprehension of imminent physical injury. The use of a gun as a method of control is, after all, based on its potential to inflict harm." *State v. Tschilar*, 200 Ariz. 427, 437, ¶ 41 (App. 2001).

¶13        As to whether the boys were afraid of imminent physical injury, two of the boys testified that they were "scared" after Williams fired the gun and the third testified that it gave him "a big adrenaline rush" and that he could tell the younger two boys "were really scared."[1] Two boys also testified that the reason they went right back to their parents' camp was because they were scared. The jury also heard from a parent that all the boys "were scared" when they returned to camp, and the oldest boy, who saw Williams point the handgun, "looked like he was going to cry." Again, we must accept the jury's reasonable inference from this evidence that the two gunshots placed another person in reasonable apprehension of imminent physical injury. *See Lee*, 189 Ariz. at 603; *Tschilar*, 200 Ariz. at 437, ¶ 41.

---

[1] During oral argument, Williams's counsel acknowledged that sufficient evidence as to any individual victim would be adequate to affirm the conviction.

**¶14** Because the testimony presented at trial provides substantial evidence of each element of the charged offense, we affirm Williams's conviction for aggravated assault.

## II. Double Jeopardy.

**¶15** Williams claims his convictions for both disorderly conduct and aggravated assault violated his double jeopardy protections. Double jeopardy claims are a matter of statutory interpretation, which we review de novo. *State v. Powers*, 200 Ariz. 123, 125, ¶ 5 (App. 2001).

**¶16** "The Double Jeopardy Clauses in both the United States and Arizona Constitutions protect a defendant 'against a second prosecution for the same offense after acquittal' and 'against a second prosecution for the same offense after conviction.'" *State v. Carter*, 249 Ariz. 312, 315, ¶ 7 (2020) (quoting *Ohio v. Johnson*, 467 U.S. 493, 498 (1984)). And lesser-included offenses are considered the same as the greater for purposes of double jeopardy analysis. *State v. Ortega*, 220 Ariz. 320, 324, ¶ 9 (App. 2008). Offenses are "lesser included" if they share some, but not all, of the elements of a greater crime such that one cannot commit the greater offense without also committing the lesser crime. *Carter*, 249 Ariz. at 316, ¶ 10 (citing *State v. Wall*, 212 Ariz. 1, 3, ¶ 14 (2006)); *State v. Celaya*, 135 Ariz. 248, 251 (1983).

**¶17** Our supreme court has repeatedly stated that disorderly conduct by recklessly displaying a firearm is a lesser-included offense of aggravated assault as charged in this case. *State v. Miranda*, 200 Ariz. 67, 68, ¶ 3 (2001); *State v. Angle*, 149 Ariz. 478, 479 (1986). The State argues that this line of cases has been impliedly overruled by *Carter*, 249 Ariz. at 315-16. But we are not free to disregard our supreme court's explicit rulings in *Miranda* and *Angle*, and it would be error to try to anticipate whether *Carter* will lead our supreme court to depart from those cases:

> The lower courts are bound by our decisions, and this Court alone is responsible for modifying that precedent. *State v. Smyers*, 207 Ariz. 314, 318, ¶ 15 n. 4 (2004); *see also McKay v. Indus. Comm'n*, 103 Ariz. 191, 193 (1968) ("Whether prior decisions of the highest court in a state are to be disaffirmed is a question for the court which makes the decisions. Any other rule would lead to chaos in our judicial system."). Trial courts are required to follow the decisions of a higher court, and the superior court here failed to abide by that fundamental principle. **We therefore caution lower courts**

> **not to depart from binding precedent anticipating that we
> will overrule existing case law.**

*Sell v. Gama*, 231 Ariz. 323, 330, ¶ 31 (2013) (emphasis added) (parallel citations omitted).

**¶18**        "[B]ecause one cannot place a person in reasonable apprehension of imminent physical danger without in fact also disturbing her peace, all elements of disorderly conduct by reckless display of a firearm are in fact elements of aggravated assault." *Miranda*, 200 Ariz. at 68, ¶ 3.    Thus, Williams's convictions for both aggravated assault and disorderly conduct arising from the same event violate the Double Jeopardy Clause, and we must vacate his conviction for disorderly conduct. *Ortega*, 220 Ariz. at 328, ¶ 25.[2]

## CONCLUSION

**¶19**        For the above-stated reasons, we affirm Williams's conviction for aggravated assault and vacate his conviction for the lesser included offense of disorderly conduct.



---

[2] The State also argues that the reasoning in our decision in *State v. Erivez*, 236 Ariz. 472, 476, ¶ 18 (App. 2015) is "irreconcilable" with *Miranda* and *Angle.*  We fail to see any merit in the State's argument.  In *Erivez*, we explicitly cited *Miranda* and *Angle* in affirming that both "disorderly conduct and assault are lesser-included offenses of" aggravated assault as charged in this case, but that neither disorderly conduct nor misdemeanor assault "is a lesser-included offense of the other."  *Id*. at 475-76, ¶¶ 15, 17. We noted that assault cannot be a lesser-included offense of disorderly conduct because one can disturb the peace and quiet of a victim without placing them in apprehension of physical injury.  *Id.* at ¶ 18.  *Erivez*'s reasoning is consistent, not irreconcilable, with *Miranda*'s statement that placing a victim in reasonable apprehension of physical injury necessarily disturbs the victim's peace.  *Miranda*, 200 Ariz. at 68, ¶ 3.