NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LAZERIK WINFIELD, *Appellant*.

No. 1 CA-CR 22-0596
FILED 11-30-2023

Appeal from the Superior Court in Maricopa County
No. CR2021-121980-001
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law PLLC, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

Lazerik Winfield, Buckeye
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1             Lazerik Winfield appeals his convictions and sentences for two counts of aggravated assault with a deadly weapon, one count of endangerment, one count of disorderly conduct with a weapon, and one count of misconduct involving weapons.  After searching the record and finding no arguable, non-frivolous question of law, Winfield's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error.  Winfield raises several issues in his supplemental pro se brief.  After carefully reviewing the record, we find no error.

## FACTS AND PROCEDURAL BACKGROUND

¶2             Winfield fired two bullets inside a crowded bar in June 2021.  He struck one patron in the leg.  A second patron was hit with bullet fragments.  Police arrested Winfield outside the bar and recovered the weapon.  He was charged with two counts of aggravated assault with a deadly weapon,[1] one count of endangerment, one count of disorderly conduct with a weapon, and one count of misconduct involving weapons.

¶3             A seven-day jury trial began on October 31, 2022.  Winfield called no witnesses in his defense.  The jury deliberated for less than one day before finding Winfield guilty on all charges.

¶4             The jury found all but one count to be "dangerous" offenses under A.R.S. § 13-704(A).  The jury found four aggravating factors, including that the (1) offenses involved the infliction of serious physical injury; (2) offenses involved the use, threatened use, or possession of a deadly weapon; (3) offenses involved physical, emotional, or financial harm to the victims; and (4) offenses involved multiple victims in a single incident.

---

[1]      Winfield was originally charged with three counts of aggravated assault with a deadly weapon, but one count was later dismissed.

¶5          Winfield testified during the sentencing phase and admitted he had a prior gun-related felony conviction in Illinois.  He was then sentenced to eight years for each count of aggravated assault, two and a half years for endangerment, two and a half years for disorderly conduct with a weapon, and four and a half years for possession of a weapon as a prohibited possessor.  All of his sentences run concurrently.  Winfield was credited with 549 days of presentence incarceration credit.

¶6          Winfield timely appealed.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶7          We have read and considered counsel's brief and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300.  We find none.  Winfield was present and represented by counsel at all stages of the proceedings against him.  The record reflects that the superior court afforded Winfield all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts.  Winfield's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

¶8          Winfield raises several issues in his pro se brief.  We examine each in turn.

## I.          Forensic Testing

¶9          Winfield argues his conviction should be reversed because the police did not conduct enough forensic testing, adding that he was misidentified.  We discern no error.  The record has "evidence that reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt."  *Prosise v. Kottke*, 249 Ariz. 75, 79, ¶ 21 (App. 2020) (citation omitted).  Two bouncers testified.  One bouncer saw Winfield fire his gun inside the bar.  A second bouncer saw Winfield run from the bar with a gun.  That bouncer chased Winfield and saw him ditch the gun before tackling him to the ground.  Video surveillance corroborated the eyewitness testimony.

## II.    Credibility of Witnesses

¶10         Winfield next attacks the credibility of assorted witnesses, but the jury weighs the credibility of witnesses at trial and we do not reweigh that issue on appeal. *State v. Buccheri-Bianca*, 233 Ariz. 324, 334, ¶ 38 (App. 2013).   Winfield had the chance at trial to impeach and rebut witness testimony.

¶11         Nor does the record show a witness was improperly "coached" by the prosecution before testifying.   Each witness was placed under oath to testify truthfully, as required by Arizona Rule of Evidence 603.

## III.   Impartial Jury

¶12         Winfield argues his jury was biased because it had no African-American members.   Defendants have no right to a jury composed in whole or in part of their own race. *Batson v. Kentucky*, 476 U.S. 79, 85 (1986).   A *Batson* challenge is unavailable because Winfield does not argue that prospective jurors were unconstitutionally excluded from serving on his jury based on race, and because Arizona law has not allowed peremptory challenges since January 2022. *Batson*, 476 U.S. at 96.

¶13         Winfield next argues the jury had members who generally believed that criminal defendants should testify in their own defense, but a careful review of juror questionnaires and the voir dire transcript shows that none of those prospective jurors were selected for the jury.

## IV.    Double Jeopardy

¶14         Winfield argues that using a prior felony conviction as a sentence aggravator violated double jeopardy.   The Arizona Supreme Court held it does not. *State v. Mauro*, 159 Ariz. 186, 209 (1988).   Nor did the court use Winfield's prior conviction as a sentence aggravator.   Winfield's eight-year concurrent sentences for aggravated assault were aggravated by four factors found by the jury, with consideration given to Winfield's youth and remorse.   Winfield was sentenced to the presumptive terms on all other counts.

## V.    Motive

¶15         Last, Winfield argues the State did not prove motive.   But the State was not required to prove motive, which is not an element of any of the crimes charged. *State v. Tutle*, 58 Ariz. 116, 120 (1941).

**CONCLUSION**

**¶16** Winfield's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Winfield is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Winfield has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

5