NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER JOSEPH BEGAYE, *Appellant.*

No. 1 CA-CR 23-0180
FILED 05-30-2024

---

Appeal from the Superior Court in Mohave County
No. S8015CR202200920
The Honorable Billy K. Sipe Jr., Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

_____

**F O S T E R**, Judge:

**¶1**          Christopher Begaye appeals his convictions and sentences for attempted second-degree murder, aggravated assault, and disorderly conduct. For the following reasons, the superior court's decision is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**          Because Begaye challenges the sufficiency of evidence to support the attempted-murder conviction, this Court recites the facts in the light most favorable to sustaining that conviction. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

**¶3**          Begaye and his wife, A.G., drove from New Mexico to Arizona, where they rapidly encountered financial difficulties while living in their van on a limited income. On August 9, 2022, as they were in the car together, they argued about their predicament. Begaye had been drinking, which tended to make him "very violent, very angry," and he had taken methamphetamine. Sitting in the passenger seat as they argued, Begaye pulled a gun out of a backpack on the floorboard, said, "What, you don't think I'll hurt you?" then aimed the gun at A.G.'s head, and pulled the trigger. A.G. "ducked towards [Begaye] to avoid him . . . shooting her in the head." The bullet entered her upper left shoulder, exited her upper back, and became lodged in the driver's seat headrest.

**¶4**          After she realized she had been shot, A.G. exited the car. Begaye quickly drove off. A.G. flagged down a passerby, who called 911. A.G. told police that Begaye shot her and described both him and their vehicle. A.G. was transported to a hospital, where she was treated and released the same day "[w]ithout any significant impediments."

**¶5**          Officers located Begaye and the vehicle about 45 minutes later at an outdoor mall. When they contacted him, Begaye made inconsistent statements about the shooting. He initially denied knowing that A.G. had

been shot but later conveyed she was shot by accident with her own gun—either by herself or by him.

¶6        The State charged Begaye with attempted second-degree murder, two counts of aggravated assault (using a deadly weapon and causing serious physical injury), misconduct involving weapons, and disorderly conduct (recklessly handling, displaying, or discharging a deadly weapon). A.G. refused to testify at Begaye's trial, and the superior court found her unavailable pursuant to Arizona Rule of Evidence 804 for her refusal to testify and the inability to get her to trial. Because the court found Begaye complicit in A.G.'s unavailability, it allowed the State to introduce A.G.'s out-of-court statements against him at trial. *See* Ariz. R. Evid. 804(b)(6).

¶7        During trial, the superior court dismissed the charge of misconduct involving weapons on the State's motion. The court also entered a judgment of acquittal on the charge of aggravated assault by serious physical injury after determining there was insufficient evidence A.G. suffered serious physical injury. *See* Ariz. R. Crim. P. 20(a)(1). The jury found Begaye guilty of the remaining three counts. The court sentenced him to concurrent prison terms, the longest being 10.5 years for the attempted-murder conviction.

¶8        Begaye timely appealed. This Court has jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

I.        **Substantial evidence supports the attempted second-degree murder conviction.**

¶9        Begaye contends the evidence was insufficient to support his conviction of attempted second-degree murder. Such claims are reviewed *de novo*, viewing all facts and resolving all conflicts in the evidence against the defendant and in favor of the verdict. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). Review is confined to determining whether there is substantial evidence to support the verdict. *Id.* "Substantial evidence is more than a mere scintilla and is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Ellison*, 213 Ariz. 116, 134, ¶ 65 (2006) (citations and internal quotation marks omitted). "The substantial evidence required to support a conviction may be direct or circumstantial," *State v. Teagle*, 217 Ariz. 17, 27, ¶ 40 (App. 2007), and this Court does not "reweigh the

evidence to decide if it would reach the same conclusions as the trier of fact," *State v. Barger*, 167 Ariz. 563, 568 (App. 1990).

¶10 To prove Begaye guilty of attempted second-degree murder, the State needed to establish that he:

> intentionally but without premeditation:
>
> 1. . . . engaged in conduct that [he] intended or believed would result in the death of [A.G.] if the circumstances relating to the crime were as [Begaye] believed them to be
>
> . . . or . . .
>
> 2. . . . committed any act that was a step in a course of conduct that [Begaye] intended or believed would cause the death of [A.G.].

*State v. Fierro*, 254 Ariz. 35, 41, ¶ 18 (2022); *see also State v. Ontiveros*, 206 Ariz. 539, 540, ¶ 1 (App. 2003) ("A person may not be convicted of attempted second-degree murder unless it is proven that he intends or knows that his conduct will cause death."); A.R.S. §§ 13-1001(A)(1)–(2), 13-1104(A)(1)–(2).

¶11 The State presented the following evidence: Begaye conveyed that he intended to shoot A.G. before firing a gun at her; A.G. ducked to avoid being shot in the head; and the gun was aimed in such a way that the bullet settled in the driver's side headrest—which jurors could presume was behind A.G.'s head before she ducked. Reasonable jurors could infer from such evidence that Begaye shot at A.G. intending to kill her. Thus, substantial evidence was presented that Begaye shot A.G. with the intent to kill her.

¶12 Begaye contends the superior court erroneously instructed jurors on the elements of attempted second-degree murder, which enabled them to find him guilty of a nonexistent offense—attempted second-degree murder based on knowledge or intent to cause serious physical injury. *See Fierro*, 254 Ariz. at 38, 41, ¶¶ 1, 16 (fundamental error for trial court to instruct that attempted second-degree murder may be based on intent or knowledge that conduct will cause serious physical injury); *Ontiveros*, 206 Ariz. at 541–42, ¶¶ 11, 17 (fundamental error for trial court to instruct that attempted second-degree murder may be based on knowledge that conduct will cause serious physical injury); *State v. Dickinson*, 233 Ariz. 527, 530–31, ¶¶ 11–12 (App. 2013) (same); *State v. Felix*, 237 Ariz. 280, 284–85, ¶ 14 (App. 2015) (same).

¶13        The jury instructions provided:

A person commits attempt if, acting with the kind of culpability otherwise required for the commission of an offense, such person:

1.        Intentionally engages in conduct that would constitute an offense if the attendant circumstances were as such person believes them to be; or

2.        Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense.

The crime of Second Degree Murder requires proof of one of the following:

1.        The defendant intentionally caused the death of another person; or

2.        The defendant caused the death of another person by conduct which the defendant knew would cause death or serious physical injury.

Based on those instructions, the prosecutor argued during closing statements that jurors should find Begaye guilty of attempted second-degree murder because he knew his conduct would cause serious physical injury.

¶14        But, Begaye "expressly waiv[es] the issue that the instruction was reversible error," in favor of a claim "of insufficient evidence which would vacate the conviction without remand." Although this court has stated it will "not ignore" fundamental error "when we find it," *State v. Fernandez*, 216 Ariz. 545, 554, ¶ 32 (App. 2007), this Court will not apply that principle when the defendant notes a possible claim of error and plainly asks us to ignore it.

¶15        Given Begaye's unequivocal waiver, the issue is not whether the superior court's instructions were erroneous. Any such error had no bearing on the sufficiency of evidence to support Begaye's conviction of attempted second-degree murder. "Sufficiency review essentially addresses whether the government's case was so lacking that it should not

have even been submitted to the jury." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (citation omitted). Thus, Begaye's sufficiency claim limits this Court to considering whether the evidence—as presented—enabled the jury to find the correct elements of attempted second-degree murder proven beyond a reasonable doubt. *Id.* For the reasons set forth above, reasonable jurors could so find. This Court's "limited determination on sufficiency review . . . does not rest on how the jury was instructed." *Id.*

## II. Disorderly conduct with a deadly weapon is not a lesser-included charge of aggravated assault using a deadly weapon.

¶16 Although neither party addressed the issue, when this Court sees a potential fundamental error issue, it has a duty to address the issue rather than overlooking it. Here, due to the Arizona Supreme Court's holding in *State v. Angle*, 149 Ariz. 478 (1986), there is a question of multiplicity that arises as to whether Begaye's disorderly conduct with a deadly weapon is a lesser included offense of aggravated assault using a deadly weapon. Based on the supreme court's reasoning in *Angle* and the facts of this case, this Court concludes that Begaye's disorderly conduct was not a lesser-included offense of his aggravated assault, and no fundamental error exists.

¶17 Convicting a defendant of an offense and its lesser-included offense violates that defendant's right against double jeopardy. *State v. Becerra*, 231 Ariz. 200, 205, ¶ 20 (App. 2013). "An offense is lesser-included if it contains all but one of the elements of the greater offense." *Id.* This means that a "greater offense cannot be committed without necessarily committing the lesser offense." *State v. Wall*, 212 Ariz. 1, 3, ¶ 14 (2006) (quotation omitted).

¶18 Begaye was convicted of both disorderly conduct under A.R.S. § 13–2904(A)(6) and aggravated assault under A.R.S. § 13–1204(A)(2). The first offense describes disorderly conduct by "[r]ecklessly handl[ing], display[ing] or discharg[ing] a deadly weapon or dangerous instrument." A.R.S. § 13-2904(A)(6). But to commit disorderly conduct the person must act "with intent to disturb the peace and quiet of a neighborhood, family or person, or with knowledge of doing so." *Id.*

¶19 The second offense describes aggravated assault by "us[ing] a deadly weapon or dangerous instrument." A.R.S. § 13-1204(A)(2). But to commit aggravated assault a person must also commit "simple" assault. *Id.* "Simple" assault may be committed in three ways: "1. Intentionally, knowingly or recklessly causing any physical injury to another person; or

2. Intentionally placing another person in reasonable apprehension of imminent physical injury; or 3. Knowingly touching another person with the intent to injure, insult or provoke such person." A.R.S. § 13-1203(A). Because a person can commit "simple" assault in three ways, then a person can also commit aggravated assault with a deadly weapon in three ways.

¶20        In *Angle*, the Arizona Supreme Court concluded that disorderly conduct under A.R.S. § 13–2904(A)(6) for "[r]ecklessly handl[ing], display[ing] or discharge[ing] a deadly weapon or dangerous instrument" is a lesser included offense of aggravated assault under A.R.S. § 13–1204(A)(2) by "us[ing] a deadly weapon or dangerous instrument." *Angle*, 149 Ariz. at 478. But its reasoning is limited to aggravated assault with a deadly weapon charged with committing "simple" assault under A.R.S. § 13–1203(A)(2) by "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury." The supreme court in *Angle* "adopt[ed] the dissenting opinion of" this Court. *Id.* That dissenting opinion reveals that Angle was charged with aggravated assault for "intentionally plac[ing] his wife and the [officers] in reasonable apprehension of imminent bodily harm." *State v. Angle*, 149 Ariz. 499, 508 (App. 1985) (J. Kleinschmidt, dissenting). Judge Kleinschmidt reasoned "that as a matter of common sense it is impossible to put a person in reasonable apprehension of imminent bodily injury without also disturbing that person's peace or quiet." *Id.* Thus, if a person commits aggravated assault with a deadly weapon by placing another person in imminent fear of physical harm, then disorderly conduct is a lesser-included offense.

¶21        Later cases support this limited application. The supreme court later "reaffirm[ed its] holding in *Angle*." *State v. Miranda*, 200 Ariz. 67, 69, ¶ 5 (2001). But it recognized the specific reasoning of *Angle*:

> In *Angle*, we reasoned that *because one cannot place a person in reasonable apprehension of imminent physical danger without in fact also disturbing her peace*, all elements of disorderly conduct by reckless display of a firearm are in fact elements of aggravated assault. We therefore concluded that disorderly conduct instructions are appropriate in aggravated assault cases *if the facts support both instructions*."

*Id.* at 68, ¶ 3 (citation omitted) (emphasis added). This Court has also grappled with the issue of a defendant convicted of aggravated assault by placing a victim in reasonable apprehension of physical harm. *State v. Erivez*, 236 Ariz. 472, 474, ¶ 6 (App. 2015). This Court concluded that "[d]isorderly conduct by recklessly displaying or

handling a firearm [was] a lesser-included offense of aggravated assault *as charged in this case.*" *Id.* at 475, ¶ 15 (emphasis added).

**¶22** Here though, Begaye was convicted of aggravated assault by "intentionally, knowingly or recklessly caus[ing] a physical injury" under A.R.S. § 13-1203(A)(1). Because his crime has different elements than the crime addressed in *Angle,* the reasoning in *Angle* does not apply. The facts in this case do not support an argument for error under multiplicity grounds. There is no fundamental error on this premise.

### III.   The jury properly found that Begaye committed dangerous offenses.

**¶23** The superior court sentenced Begaye to enhanced prison terms for dangerous offenses under A.R.S. § 13-704. Although the jury explicitly determined by special verdict that Begaye committed a dangerous offense when he committed attempted second-degree murder, the jury did not make similar findings on the counts for aggravated assault and disorderly conduct. Begaye contends that omission entitles him to be resentenced on those two counts. Because he did not object at trial, this Court reviews for fundamental error only. *State v. Escalante*, 245 Ariz. 135, 138, ¶ 1 (2018).

**¶24** "[N]o specific finding of dangerousness is required where an element of the offense charged requires proof of the dangerous nature of the felony." *State v. Smith*, 146 Ariz. 491, 499 (1985); *see also State v. Caldera*, 141 Ariz. 634, 637–38 (1984) (reasoning that a jury's dangerousness determination may be made either explicitly by special verdict or implicitly when dangerousness is "a necessary element in the felony for which the appellant was originally convicted").

**¶25** Because the jury necessarily determined that Begaye committed dangerous offenses when it found him guilty of aggravated assault under A.R.S. § 13-1204(A)(2) and disorderly conduct under A.R.S. § 13-2904(A)(6), the superior court could impose sentences under A.R.S. § 13-704 for those convictions. *Compare* A.R.S. § 13-1204(A)(2) (defining aggravated assault as an assault by a "person us[ing] a deadly weapon or dangerous instrument"), *and* A.R.S. § 13-2904(A)(6) (defining disorderly conduct as intentionally or knowingly disturbing the peace of a person by "[r]ecklessly handl[ing], display[ing] or discharg[ing] a deadly weapon or dangerous instrument"), *with* A.R.S. § 13-105(13) (defining dangerous offense as "an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument"); *see also State v. Suniga*, 145

Ariz. 389, 396 (App. 1985) (holding dangerous-offense finding "implicit" in guilty verdict for aggravated assault by use of a deadly weapon or dangerous instrument); *State v. Garcia*, 219 Ariz. 104, 108, ¶ 16 (App. 2008) (holding disorderly conduct under § 13-2904(A)(6) to be "an offense involving 'the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument'"). Begaye fails to establish error on this point.

**¶26**        Finally, this Court is unpersuaded by Begaye's reliance on *State v. Larin*, 233 Ariz. 202, 213, ¶¶ 41–42 (App. 2013), which held that the superior court could not sentence the defendant under § 13-704 without an explicit dangerousness finding by the jury even though the jury found the defendant guilty of an inherently dangerous offense. The court in *Larin* confirmed the general rule that "a jury need not make a finding of dangerousness where it is 'inherent in the crime.'" *Id.* at 212, ¶ 38. The court's decision not to apply that rule in *Larin* was based on an unusual peculiarity of the case—specific information suggesting that the jury might have found a dangerous-offense allegation unproven despite its verdict. *Id.* at ¶ 42. No such circumstance was present in Begaye's case.

## CONCLUSION

**¶27**        For these reasons, Begaye's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV